SMITH, Judge.
Appellants appeal an order of the Department of Business Regulation, Division of Florida Land Sales, Condominiums, and Mobile Homes, finding that they violated provisions of Chapter 498, Florida Statutes, the Florida Uniform Land Sales Practices Law. Appellants contend their lands were and are exempt from this law pursuant to the exemption afforded by section 498.-025(l)(d), Florida Statutes. We disagree and affirm.
Orlando East Corporation is a Florida corporation engaged in the business of selling unimproved real estate in Florida. Loughlin is the president and sole shareholder of Orlando East Corporation. Between 1980 and 1986, the corporation acquired title to approximately 97 lots in the Partin Park Subdivision, a platted subdivision originally approved in 1926, which contains 768 lots and is located in Orange County.
Appellants sold 60 of the lots they had purchased in Partin Park by conveying three-lot parcels in 20 sales transactions. The sales took place on or about December 14, 1987. Appellants did not obtain an order of registration to sell the lots under Chapter 498, or otherwise comply with various provisions of the law, because it was their position that they were exempted from the requirements of the law by section 498.025(l)(d), which before 1988 and at all times pertinent to this appeal, provided:
(1) Unless the method of offer, disposition, or transfer is adopted for the purpose of evading this Chapter, the provisions of this Chapter do not apply to:
* * * * * *
(d) a subdivision as to which the plan of disposition is to dispose to 45 or fewer persons.[1]
Loughlin testified that he read Chapter 498, and that it was his plan in disposing of the lots to be certain that the number of persons he sold to did not exceed 45. Accordingly, he planned to sell the parcels in three-lot units to 32 persons. However, he admitted that no covenant, declarations, or legal restrictions on the property prohibited him from selling to 97 persons if he desired.
While he sold the lots as real estate opportunities and not for homesites, he noted that by selling the property in three-lot units, the owner would have a large enough piece of property on which to build a house. The individual lots, as platted, measure 25 feet by 140 feet, but the county requires that a building lot have 75 feet of frontage and a minimum of 10,000 square feet.
The Department issued notices to show cause to appellants alleging violations of section 498.023(1), (2) and (3), Florida Statutes. Appellants requested and were granted a formal administrative hearing, after which the hearing officer entered a recommended order concluding that appellants failed to qualify for the exemption under section 498.025(l)(d). He recommended that a $1,000 penalty be assessed against each, and that the 20 purchasers be given the right to reconsider their purchases. The Department issued a final order adopting and incorporating the findings of fact, conclusions of law and recommended penalty of the hearing officer.
*470 “Subdivision” or “subdivided lands” is defined in section 498.005(19)(a)[2] to mean:
(a) Any contiguous land which is divided or is proposed to be divided for the purpose of disposition into 50 or more lots, parcels, units or interests ...
The Department construes the word “subdivision” in section 498.025(l)(d) to refer to the subdivided land in the overall project, rather than the particular subdivider or seller’s individual ownership interest. Because there were 768 lots in Partin Park, which presumably indicated a plan of disposition to more than 45 persons, it was the Department’s position that the exemption was not applicable.
As correctly noted by the hearing officer below, this court’s decision in Associated Mortgage Investors v. Dept. of Business Regulation, 503 So.2d 379 (Fla. 1st DCA), pet. for review dismissed, 506 So.2d 1040 (Fla.1987), specifically rejects the arguments made by appellants in the case before us. In Associated Mortgage Investors, this court ruled that the phrase “plan of disposition” as used in section 498.-025(l)(d), refers to the overall plan of disposition for the subdivision. The court rejected the notion that the plan of disposition of a particular subdivider controls the application of the exemption. The court reasoned that had the legislative concern been only with the immediate disposition to be made by a particular subdivider, it would have used the term “subdivider” instead of “subdivision” in the exemption. Id. at 380. In that case, the court was faced with a situation where 40 lots within a 77-lot subdivision were sold by the original subdivider to a separate entity, a builder, who planned to build homes upon them and resell them to third-party purchasers. The subdivider claimed that the sale of 40 lots to that builder should be considered a sale to one person for purposes of application of the exemption. However, the court found that the plan of disposition, from the outset, was for 77 homes to be built for resale in the subdivision. The court concluded that the temporary holding of 40 of these lots by a builder until he places homes on them and re-sells them to individuals did not alter the “plan of disposition,” within the meaning of the statute.
We find the holding in Associated Mortgage Investors applicable here. Appellants' intentions to sell their lots to only 32 persons does not determine application of the exemption. Partin Park subdivision had 768 separate lots, and it was incumbent upon appellants, in order to qualify for the exemption, to show that the plan of disposition for the 768-lot Partin Park subdivision was to sell to 45 or fewer persons, which appellants were unable to do.
Accordingly, the order appealed is
AFFIRMED.
ERVIN and ALLEN, JJ., concur.

. The word "ultimate” was added to section 498.025(l)(d) in 1988, Ch. 88-90, § 13, Laws of Florida, so that the exemption now reads: "A subdivision as to which the plan of ultimate disposition is to dispose to 45 or fewer persons.”

. The hearing officer found this case does not involve a common promotional plan so the definition contained in section 498.005(19)(b) is not pertinent.